UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCI COMMUNICIATIONS SERVICES, INC. and MCIMETRO ACCESS TRANSMISSION SERVICES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OPTIMUM, INC.,<br><br>Defendant. | No. 2:15-cv-02452-TLN-AC<br><br>**ORDER** |

This is a lawsuit alleging damage to an underground fiber optic cable, arising out of trenching work performed along a street in Stockton, California. The matter is before the Court pursuant to a motion filed by Plaintiff MCI Communications Services, Inc. and Plaintiff MCIMetro Access Transmission Services LLC (collectively "MCI") for leave to file an amended complaint. (ECF No. 26.) Defendant Optimum, Inc. ("Optimum") opposes the motion. (ECF No. 30.) For the reasons set forth below, MCI's motion is hereby DENIED.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

MCI is a telecommunications company that owns a nationwide network of fiber optic cable, much of which is buried underground. (Compl., ECF No. 1 at ¶ 8.) One of MCI's cables is located under Enterprise Street in Stockton, California. (ECF No. 1 at ¶ 10.) MCI alleges that Optimum was excavating near 1134 Enterprise Street on March 13, 2013 and severed MCI's

1

cable. (ECF No. 1 at ¶ 14.) MCI sued Optimum, asserting claims for trespass, negligence, and three types of statutory liability arising under California law. (ECF No. 1 at ¶¶ 11–29.)

On June 15, 2016, the Court issued its Pretrial Scheduling Order. (ECF No. 14.) Among other things, the Order provides that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (ECF No. 14 at 24–26.)

On October 4, 2016, MCI moved to amend the complaint to add another claim against Optimum. During discovery, MCI evidently learned of a contract between Optimum and a third party named CVIN, LLC ("CVIN"). (ECF No. 26 at 2:3–12.) According to MCI, CVIN is the company for which Optimum was working when Optimum severed MCI's underground cable and the CVIN–Optimum contract required Optimum to avoid interfering with nearby utility lines like MCI's cable. (ECF No. 26 at 2:3–27.) MCI asserts that it is an intended beneficiary of the CVIN–Optimum contract and seeks to add a claim for breach of that contract. (ECF No. 26 at 3:1–3.)

**II.    LEGAL STANDARD**

Motions to amend are generally governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, Rule 15(a) is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

But Rule 15(a) does not control once the Court has issued a Pretrial Scheduling Order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Instead, Rule 16(b) supplies the governing standard. *Id.* at 608. The Pretrial Scheduling Order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The party seeking to amend must show good cause. *Johnson*, 975 F.2d at 608. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. "If that party was not diligent, the inquiry should end." *Id.*

If the party seeking to amend shows good cause, the Court then evaluates the request in light of Rule 15(a)'s liberal standard. *Johnson*, 975 F.2d at 608. Leave to amend should be granted unless amendment (1) would cause prejudice to the opposing party, (2) is sought in bad

faith, (3) creates undue delay, or (4) is futile. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

### III. DISCUSSION

MCI argues that Rule 15(a)'s liberal standard governs and that justice requires the Court to grant MCI leave to amend. (ECF No. 26 at 3:8–10.) Optimum argues that MCI's motion was unduly delayed and that the proposed amendment would be futile because MCI cannot state a claim under California law as a third-party beneficiary of the CVIN–Optimum contract. (Def.'s Opp'n to Mot., ECF No. 30 at 2:22–4:6.) In short, both parties debate the propriety of amendment under Rule 15 (a).

However, Rule 15(a) does not govern here because the Court issued a Pretrial Scheduling Order before MCI sought leave to amend. Both parties fail to recognize that Rule 15(a)'s liberal standard is inapplicable until MCI first satisfies the good cause standard of Rule 16. *Johnson*, 975 F.2d at 608. *See also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606–07 (E.D. Cal. 1999). MCI argues that its proposed amendment would be proper under Rule 15, but never attempts to show good cause under Rule 16. "Absent such an initial showing under Rule 16, [the Court] is foreclosed from considering whether the amendment is appropriate under Rule 15." *LifeLast, Inc. v. The Charter Oak Fire Ins. Co.*, No: C14-1031JLR, 2015 WL 12910683 at *3 (W.D. Wash. Jul. 6, 2015) (citing *Johnson*, 975 F.2d at 608).

### IV. CONCLUSION

MCI has not addressed its burden of showing good cause to modify the Pretrial Scheduling Order. Accordingly, MCI's motion for leave to amend its complaint (ECF No. 26) is hereby DENIED.

IT IS SO ORDERED.

Dated: January 20, 2017

Troy L. Nunley
United States District Judge

3